# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK GRIFFIN<br>121 Moody Hollon Ln<br>Canadensis PA 18325-7774<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PAMELA SMITH<br>Chief of the Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br><br>　　　　and<br><br>OFFICER JOHN DOE 1<br>Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br>In his personal and official capacity<br><br>　　　　and<br><br>OFFICERS JOHN DOES 2-5<br>Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br>In their personal and official capacities<br><br>　　　　and<br><br>DISTRICT OF COLUMBIA<br>*A Municipal Corporation*<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001 | **CIVIL**<br>**COMPLAINT**<br><br><br>Civil Action No. 24cv36<br><br>_____<br><br><br>**TRIAL BY JURY**<br>**REQUESTED** |

1

Serve for all Defendants:
Brian Schwalb
Attorney General of the District of Columbia
400 6th Street, NW, Washington, DC 20001
Phone: (202) 727-3400

                    Defendants.

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PHYSICAL ASSAULT

## I. INTRODUCTION

1. This lawsuit, brought under the Civil Rights Act 42 USC 1983, seeks money damages for the violations of the rights of Mark Griffin under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution for unreasonable seizure/excessive force and violations of Due Process which shock the conscience, as well as claims brought under the laws of the District of Columbia, including common law claims for negligence, negligence per se, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress when he was severely injured by one or more incendiary and kinetic projectiles intentionally or indiscriminately with gross negligence launched at him by one or more Defendant Metropolitan Police Officers who were aided and abetted by other police officers at the U.S. Capitol on January 6, 2021, while Griffin was peacefully assembled and non-threatening. As a result of this excessive and unlawful force, Griffin's left femur was split in two lengthwise and he had to be hospitalized and undergo major surgery incurring medical bills, including hospital bills totaling $197,560.29 as well as experiencing great pain and suffering.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §

2

1331 (Federal Question Jurisdiction, 42 U.S.C. 1983, and 28 U.S.C. § 1332 (Diversity Jurisdiction) because the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties.

3. This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

4. To the extent that the District of Columbia and/or its Metropolitan Police Department are governed by the Federal Government, this Court also has jurisdiction under 28 U.S.C. § 2680(h).

5. Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction in this District.

### III. PARTIES

**Plaintiff**

6. MARK GRIFFIN ("GRIFFIN") is an individual, natural person, who at all material times was and is a citizen of the State of Pennsylvania.

**Defendants**

7. Defendant PAMELA SMITH is Chief of the Metropolitan Police Department who is the supervisor and superior of the police officers of the Metropolitan Police Department of the District of Columbia who physically assaulted the Plaintiff. The Police Chief and the Police Department have a duty to train its officers in properly handling and controlling large crowds in a safe manner but failed to do so, resulting in injuries to the Plaintiff and other peaceful protestors.

8. Defendant Officer John Doe 1 is a police officer of the Metropolitan Police Department of the District of Columbia, who on information and belief physically assaulted the Plaintiff on January 6, 2021 by launching a large projectile at GRIFFIN. His identity is unknown

at this time but Plaintiff will seek discovery to obtain it.

9. Defendants OFFICERS JOHN DOES 2-5, are police officers of the Metropolitan Police Department of the District of Columbia, participated with, conspired to, and aided and abetted Defendant Officer John Doe 1 in physically assaulting the Plaintiff, including spraying him with tear gas gel. Their identity is unknown at this time but Plaintiff will seek discovery to obtain it.

10. Defendant District of Columbia is a municipal corporation constituting the city government of Washington, D.C.

### Diversity of Citizenship

11. The Plaintiff MARK GRIFFIN is a citizen and resident of Pennsylvania.

12. The Defendants are residents of the District of Columbia or neighboring States Virginia or Maryland, and commute to work within the Metropolitan Police Department of the District of Columbia.

13. There is complete diversity of citizenship between the Plaintiff and all Defendants.

IV. **STANDING**

14. Plaintiff has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct of the Defendants complained herein.

15. The conduct of Defendants proximately caused the Plaintiff's injuries, each and every one of them, jointly and severally.

V. **FACTS COMMON TO ALL COUNTS**

16. On January 6, 2021, Plaintiff was engaged in protected speech and peaceful assembly by peacefully protesting at or near the U.S. Capitol building but never entered the building nor attempted to do so nor accosted or assaulted any officer.

17. Griffin did not see any signs indicating that he was not allowed to be on this public property nor did any officer tell him he was not allowed to be there.

18. While he was engaged in a friendly conversation with one or more of the police officers, explaining why he had come to protest, other officers suddenly picked up the bicycle barricades and rushed toward Griffin and the crowd, using the barricades as a weapon and spraying Griffin in the face with a stinging pepper gel. [VIDEO]

19. Griffin tried to calm the police, who seemed to be trigger-happy and not trained to deal with crowd control.

20. Griffin helped reconnect sections of the barricade when a protestor pulled them apart.

21. Griffin yelled at the protestor pulling the barricades apart, "Stop doing that! Don't do that:"

22. Griffin was then hit with a 38mm to 40mm shell or canister that on information and belief was fired from a munition launcher by one or more defendants behind the police line and then he fell to the ground dazed.

23. Griffin got up with the aid of his cane and hobbled away to safety, not fully aware of the extent of his injuries.

24. He managed to get on the bus to return to his home in Pennsylvania, whereupon his leg was black and blue from his toes to his hips.

25. He went to the hospital, was released, then was informed his femur was broken and had to come back for major surgery on January 9, 2021 that included inserting a lithium metal plate in his leg. He incurred medical bills of over $197,000.

26. As a direct and proximate result of Plaintiff exercising his First Amendment rights, Plaintiff was assaulted by one or more of the defendants, battered, physically abused,

and subject to punishment without probable cause or just reason.

27. Plaintiff did not harm, threaten, or pose any threat to any federal or D.C. agent or officer while exercising his First Amendment and other rights.

28. The defendants' actions were objectively unreasonable and conscience-shocking use of excessive force. They are, therefore, each and every one of them, liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force committed by each one separately and in concert.

29. The Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff federally protected constitutional rights.

30. The Defendants Smith and the District of Columbia intentionally, negligently, and with deliberate indifference and callous and wanton disregard for Mr. Griffin's rights, failed to properly appoint, supervise, train members of the Metropolitan Police Department who would enforce the laws in effect in the District of Columbia. The defendants Smith and the District of Columbia deprived plaintiff Griffin of his Constitutional right to be free from cruel and unusual punishment in violation of the Fourth, Fifth, and Eighth Amendments to the United States Constitution and 42 U.S.C. 1983.

31. The FBI subsequently contacted Plaintiff to discuss his presence at the Capitol but was never accused, charged, or arrested for any illegal activity.

## FIRST CAUSE OF ACTION
*Violation of First, Fourth, Fifth, Fourteenth Amendments and Due Process Rights*

32. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

33. 42 U.S.C. § 1983 provides in pertinent part that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

34. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

35. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

36. The violations of Plaintiff's liberty interest and freedom from bodily injury by the Defendants are compensable under 42 U.S.C. 1983 and District of Columbia law.

37. WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## SECOND CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Excessive Force in Violation of Fourth Amendment**

38. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

39. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

40. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

41. All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiff as pled in detail herein.

42. 42 U.S.C. § 1983 provides in pertinent part that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

43. The Defendants did so with shocking and willful indifference to Plaintiff's rights and, in doing so, exhibited conscious awareness that they would cause Plaintiff severe physical and emotional injuries or even death.

44. The acts or omissions of all Defendants were moving forces behind Plaintiff injuries.

45. These Defendants acted in concert and jointly in a conspiracy with each other.

46. The acts of omissions of the Defendants as described herein intentionally deprived Plaintiff of their constitutional rights and caused them other damages.

47. These Defendants are not entitled to any immunity for the conduct complained herein.

48. The Defendants to this claim at all times relevant hereto were acting as part of a conspiracy, in concert, jointly and severally, pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

49. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### THIRD CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Violation of the Fifth Amendment**

50. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

51. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the

right of liberty and travel, excessive force, and the like.

52. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

53. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

54. Any reasonable person knew or should have known of these rights at the time of the complained of conduct insofar as they were clearly established at that time; especially to the Defendants as sworn law enforcement officers.

55. All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiff as pled in detail herein.

56. The Defendants engaged in the conduct described by this Complaint willfully, deliberately, maliciously, in bad faith, and in reckless disregard of Plaintiff federally protected constitutional rights.

57. The acts or omissions of all the Defendants were moving forces behind Plaintiff injuries.

58. All Defendants acted in concert as part of the conspiracy to deprive Plaintiff of her civil rights.

59. The acts or omissions of the Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused other damages.

60. The Defendants are not entitled to any immunity for the conduct complained herein.

61. The Defendants to this claim were, at all times relevant hereto, acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

62. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### FOURTH CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1983**

63. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

64. Plaintiff possessed the following clearly established rights, guaranteed to them by the Constitution of the United States, at the time of the conduct complained herein:

65. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourth Amendment, Fourteenth Amendment; Fifth Amendment and Due Process requirements of the U.S. Constitution.

66. The right to be free from malicious prosecution under the Fourteenth Amendment.

67. The Defendants knew or should have known of these rights at the time of the complained conduct insofar as they were clearly established at that time, especially to Defendants as sworn law enforcement officers.

68. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused them other damages.

69. The Defendants are not entitled to any immunity for the conduct complained herein.

70. The Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate and willful indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff constitutional and federal rights as set forth herein, and in the other claims, which resulted from a conscious and deliberate choice to follow a course of action from among various alternative courses of conduct available.

71. The Defendants, each and every one of them, acting in concert, jointly and severally, created and have unlawfully tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public generally.

72. All Defendants acted in concert as part of the conspiracy to deprive Plaintiff of her civil and constitutional rights.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, and any other

further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### FIFTH CAUSE OF ACTION
*Battery by Officers John Does 1-5*

73. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

74. The Defendants present on the scene committed physical battery and physical harm upon the Plaintiff.

### SIXTH CAUSE OF ACTION
*Excessive Force by Officers John Does 1-5*

75. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

76. The Defendants present on the scene committed excessive force prohibited under D.C. law with regard to the permissible conduct of law enforcement.

### SEVENTH  CAUSE OF ACTION
*Assault by Officers John Does 1-5*

77. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

78. The Defendants present on the scene placed the Plaintiff in apprehension, fright, and intimidation of immediate physical bodily harm.

### EIGHTH CAUSE OF ACTION
*False Imprisonment by Officers John Doe 1 and John Does 2-7*

79. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

80. By physically grabbing and restraining the Plaintiff, preventing her from leaving the

area and escaping from physical injury, and pulling her back in toward the Defendants, the Defendants on the scene committed the common law tort of false imprisonment.

## NINTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*
### *by Officers John Doe 1 and John Does 2-7*

81. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

82. The Defendants on the scene intentionally, knowingly, and deliberately subjected the Plaintiff to emotional distress.

## TENTH CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress*
### *by Officers John Doe 1 and John Does 2-7*

83. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

84. The Defendants on the scene negligently subjected the Plaintiff to emotional distress.

## RESPONDEAT SUPERIOR LIABILTY AS TO ALL COUNTS

85. Defendant D.C. is jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omission of John Does 1-5.

86. Defendant D.C. did not properly train its officers to safely handle a large protest but allowed them to indiscriminately beat peaceful and non-threatening protestors with batons and other devices and launch projectiles, including rubber bullets, tear gas, and incendiary devices, at them knowing it would cause great injuries.

**VI.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-

judgment and post-judgment interest as allowed by law, costs of suit incurred herein, in an aggregate amount of $1,000,000.00, as may be proven at trial, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them, against the Plaintiff.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on all counts as to all issues so triable.**

Dated:  January 5, 2024

Respectfully submitted,

 */s/* Joseph D. McBride, Esq.

Joseph D. McBride, Esq.
THE MCBRIDE LAW FIRM, PLLC
Attorney for the Defendant
99 Park Avenue, 8th Floor
New York, NY 10016
*Phone:* (917) 757-9537
*Email:*  jmcbride@mcbridelawnyc.com

Paul D. Kamenar, Esq. DC Bar No. 914200
1629 K Street, NW
Suite 300
Washington, D.C. 20006
301-257-9435
 paul.kamenar@gmail.com