UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK GRIFFIN,<br><br>       Plaintiff,<br><br>v.<br><br>PAMELA SMITH, *et al.*,<br><br>       Defendants. | Civil Action No. 24-0036<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark Griffin filed suit, on January 5, 2024, against the District of Columbia ("District"), Pamela Smith, the Chief of the District's Metropolitan Police Department ("MPD"), and five unnamed MPD police officers, asserting claims, under 42 U.S.C. § 1983, for alleged violations of his First and Fourth Amendment rights, and for common law tort, stemming from plaintiff being shot with rubber bullets during the attack on the U.S. Capitol three years earlier, on January 6, 2021. Compl. ¶¶ 7-10, 32-86, ECF No. 1. On May 24, 2024, plaintiff amended his complaint by dropping all claims against the two originally named defendants and asserting only two Section 1983 claims for violations of his First and Fourth Amendment rights against newly named defendant Frank Edwards, an MPD Sergeant ("Sgt. Edwards"), whom plaintiff substituted for John Doe 1, and John Does 2-5 whose "identities are currently unknown" and are described as MPD officers. *See* Amend. Compl. ¶ 6, ECF No. 12.

Sgt. Edwards now seeks to dismiss the claims against him for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), *see* Def.'s Mot. Dismiss ("Def.'s MTD") at 1, ECF No. 16. For the reasons stated below, Sgt. Edwards' motion to dismiss is granted.

**I.     BACKGROUND**

1

Summarized below is relevant factual and procedural background to resolving the pending motion.

### A.     Factual Background

Plaintiff alleges that he "engaged in protected speech and peaceful assembly" "at or near the U.S. Capitol building," during the attack there on January 6, 2021. Amend. Compl. ¶ 11. He alleges that he saw no signs suggesting that his presence was unlawful and that no law enforcement officer instructed him to leave. *Id.* ¶ 12. He goes on to describe his interaction with police positioned at a police barricade, alleging that after "[o]ther protestors… beg[a]n to shake the police barricade, and the police beg[a]n to indiscriminately pepper spray the crowd," *id.* ¶ 18—presumably to maintain the police line and disperse the mob of people reflected in videos exhibits plaintiff attached to his pleading—plaintiff nevertheless approached on the "legal, non-trespassing side of the police barricade" to tell the police not to do that, *id.* ¶¶ 19-20. A "John Doe 1" shot plaintiff in the foot with a rubber bullet. *Id.* ¶ 20. After being shot by John Doe 1, Sgt. Edwards approached and warned plaintiff that "[i]f you come here, you're going to get hit." *Id.* ¶ 24. After this exchange, "John Doe 2" allegedly shot plaintiff again with a rubber bullet, *id.* ¶ 30, and Sgt. Edwards, after telling plaintiff not to shake the fence twice, *id.* ¶¶ 26, 28, shot plaintiff with a "Combined Systems Model 4558 – 40 MM .60 CAL STING-BALL," *id.* ¶ 32.[1]

Without being "fully aware of the extent of his injuries," *id.* ¶¶ 36, 38, plaintiff returned to his home in Pennsylvania, *id.* ¶ 38, where he visited a hospital, was released, and informed that his femur was broken and would need surgery, which he underwent on January 9, 2021. *Id.* ¶¶ 39-40.

---

[1] Confusingly, plaintiff maintains that Sgt. Edwards was named to replace John Doe 1, *see* Pl.'s Opp'n to Def.'s MTD ("Pl.'s Opp'n") at 5, ECF No. 18, but John Doe 1 appears, based on the allegations in plaintiff's pleadings, to be the officer who first shot plaintiff with a rubber bullet and a different police officer than Sgt. Edwards.

B.     **Procedural History**

Plaintiff filed suit on January 5, 2024, to recover damages he sustained from the events on January 6, 2021. *See* Compl. Before filing the amended complaint, plaintiff never sought discovery to identify the MPD officers named as John Does 1-5 in the original complaint nor sought equitable tolling of the statute of limitations to obtain such discovery. Instead, plaintiff filed his amended complaint more than four months later substituting Sgt. Edwards for an unnamed officer and dropping as named defendants both the District and MPD Chief. *See* Amend. Compl. Sgt. Edwards seeks dismissal of the claims against him as untimely. Def.'s MTD at 1.

## II.     LEGAL STANDARD

To survive a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556-57). When resolving a Rule 12(b)(6) motion, the court must accept all factual allegations as true, "even if doubtful in fact," *Twombly*, 550 U.S. at 555, and "construe the complaint 'in favor of the plaintiff,'" *Langeman v. Garland*, 88 F.4th 289, 294 (D.C. Cir. 2023) (quoting *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012)). Courts, however, "need not accept inferences . . . not supported by the facts set out in the complaint, nor must the court accept legal conclusions." *Id.* at 476 (quoting *Hettinga*, 677 F.3d at 476). In determining whether a complaint fails to state a claim, consideration must be given to "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters

3

of which [the court] may take judicial notice." *Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1271-72 (D.C. Cir. 2019) (second alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

## III.     DISCUSSION

Sgt. Edwards seeks dismissal of plaintiff's claims as untimely because the applicable three-year statute of limitations started to run from the date of plaintiff's alleged injury and the amended complaint, substituting Sgt. Edwards for a John Doe defendant, does not relate back to the original complaint. Def.'s Mem. Supp. MTD ("Def.'s Mem.") at 1, ECF 16. Plaintiff counters that the statute of limitations did not start running on the date of his alleged injury on January 6, 2021, but rather when he learned the identity of the person who shot him. Pl.'s Opp'n to Def.'s MTD ("Pl.'s Opp'n") at 6, 10-11, ECF No. 18. In addition, plaintiff contends that his amended complaint properly relates back to the timely filing of his original complaint because defendant "was . . . clearly 'John Doe'" and "the rest of the Defendants . . . , including his employer, were in privity with him." *Id.* at 7.

Plaintiff's arguments do not overcome the chorus of authority to the contrary. As such, plaintiff's claims against Sgt. Edwards are time-barred, requiring grant of the pending motion to dismiss.

### A.     The Limitations Period Starts on the Date of Plaintiff's Alleged Injury.

"[T]he general purpose of statute of limitations [is] 'to protect defendants against stale or unduly delayed claims.'" *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)); *see also Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1109 (D.C. Cir. 2019) ("As Justice Marshall explained in more detail some decades ago, '[s]tatutes of limitations are designed to insure fairness to defendants by preventing the revival of stale claims in which the defense is hampered

by lost evidence, faded memories, and disappearing witnesses, and to avoid unfair surprise.'" (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 473 (1975) (Marshall, J., concurring in part and dissenting in part))). Section 1983 lacks a specific statute of limitations, *see Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir 2012), so courts look to "state law" "for the length of the statute of limitations . . . for personal-injury torts," *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The D.C. Circuit has been clear that "[w]e apply the [the District of Columbia's] three-year residual statute of limitations to a section 1983 claim." *Earle*, 707 F.3d at 304-05 (citing *Singletary v. District of Columbia*, 351 F.3d 519, 529 n.11 (D.C. Cir. 2003)); *see also Loumiet v. United States*, 828 F.3d 935, 947 (D.C. Cir. 2016) (finding undisputed that "the District of Columbia's general three-year statute of limitations applies to" plaintiff's Section 1983 claims); *Lattisaw v. District of Columbia*, 118 F. Supp. 3d 142, 160 (D.D.C. 2015) ("In the District of Columbia, federal courts apply the District's 'three-year residual statute of limitations to a section 1983 claim.'" (quoting *Earle*, 707 F.3d at 305)).

"Statutes of limitations commonly" start "running . . . from the date the cause of action accrued." *Norwest Bank Minn. Nat'l Assoc. v. FDIC*, 312 F.3d 447, 451 (D.C. Cir. 2002). "Unlike the statute of limitations," however, "'the accrual date of a § 1983 action is a question of federal law that is *not* resolved by reference to state law.'" *Earle*, 707 F.3d at 305 (emphasis in original) (quoting *Wallace*, 549 U.S. at 388). A "tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391 (quoting 1 C. CORMAN, LIMITATIONS OF ACTIONS § 7.4.1, pp. 526-27 (1991)); *see also Oppenheim v. Campbell*, 571 F.2d 660, 662 (D.C. Cir. 1978) (stating a plaintiff's action "accrue[s]" when "his right to resort to federal court [is] perfected," which, in turn, means that a plaintiff "[can] . . . resort[] to federal court when he [is] first harmed"); *Simpson v. D.C. Metro.*

5

*Police Dep't*, 789 F. Supp. 5, 8 (D.D.C. 1992) (holding, in Section 1983 suit, "[i]t is also clear that a cause of action normally accrues at the time a complainant suffers actual injury"). Consistent with the Supreme Court's observation in *Wallace*, the D.C. Circuit and other circuit courts routinely start the clock on statute of limitations for Section 1983 claims on the date a plaintiff sustained the alleged constitutional injury. *See, e.g.*, *Muñoz v. Bd. of Trs. of Univ. of Dist. of Columbia*, 427 F. App'x 1, 4 (D.C. Cir. 2011) (per curiam) (noting that a Section 1983 claim accrues when wrongful conduct occurs); *Morrill v. City of Denton*, 693 F. App'x 304, 306-07 (5th Cir. 2017) (holding that plaintiff's "section 1983 . . . claim accrued" when plaintiff's "constitutional injury was complete" which was "on the day the alleged excessive force took place"); *Sorokaput v. Fare*, No. 21-2188, 2022 WL 3043154, at *1 (3d Cir. Aug. 2, 2022) (per curiam) ("Excessive force claims typically accrue on the date of the alleged assault because, at that point, 'the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" (quoting *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998))); *Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (holding that plaintiff's "claim began to accrue on the date when he first knew of the alleged constitutional injury"); *Watkins v. Craft*, 455 F. App'x 853, 855 (10th Cir. 2012) ("Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." (quoting *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999))); *see also Lattisaw*, 118 F. Supp. 3d at 160 ("[T]he D.C. Circuit has recognized that Section 1983 claims generally accrue when the challenged wrongful conduct occurs.").

Against this jurisprudential backdrop, the limitations period on plaintiff's Section 1983 claims started to run on January 6, 2021, when he alleges that he sustained injuries from being

shot with rubber bullets in circumstances violating his First and Fourth Amendment rights. *See* Amend. Compl. ¶¶ 11-32, 36, 38. The amended complaint provides no other date on which any wrongful conduct occurred or upon which he suffered injuries to his First or Fourth Amendment rights, *see generally* Amend. Compl., nor does plaintiff point to any reason to "differentiate between those claims in assessing their timeliness," *Loumiet*, 828 F.3d at 946 n.5. This Court discerns no reason to do so and thus assesses timeliness as to both claims on the same analysis.

According to plaintiff, the "discovery rule" saves his Section 1983 claims against Sgt. Edwards because these claims did not accrue until he knew *who* caused his injury. Pl.'s Opp'n at 6. Plaintiff is incorrect. The "discovery rule" provides that "a claim for relief does not accrue until the plaintiff discovers, or with due diligence should have discovered, 'the *injury* that is the basis of the action.'" *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 341 (D.C. Cir. 1991) (emphasis added) (quoting *No. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Jumbo Mkts., Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990)). The discovery rule operates to save stale claims from the reach of otherwise applicable statutes of limitation when "the injury is not of the sort that can readily be discovered when it occurs." *Id.* at 342. "[I]f the injury is such that it should reasonably be discovered at the time it occurs," however, "then the plaintiff should be charged with discovery of the injury, and the limitations period should commence, at that time." *Id.* Thus, plaintiff's lack of knowledge as to a defendant's *identity* is irrelevant when he is fully aware of the alleged *injury* he sustained and therefore alert to his cause of action. *Cf. Zorgani v. District of Columbia*, No. 17-cv-2360 (EGS), 2022 WL 1491133, at *4 (D.D.C. May 11, 2022) (rejecting argument that Section 1983 claim based on arrest for suspended license did not accrue until plaintiff discovered Department of Motor Vehicles employee's identity). [2]

---

[2] Plaintiff relies on two cases for support of his argument that "the cause of action was not complete and present on January 5, 2024, . . . until the identity of the officer was known," Pl.'s Opp'n at 9-12 (citing and quoting

Here, plaintiff's Section 1983 claims against Sgt. Edwards accrued on January 6, 2021, when plaintiff concedes he sustained his alleged constitutional injuries by being shot by rubber bullets. *See* Pl.'s Opp'n at 7. Thus, his claims expired on January 6, 2024, and the discovery rule does not save his claims brought against Sgt. Edwards four months later in May 2024.

**B.     Plaintiff's Amended Complaint Does Not Relate Back to Original Complaint.**

Plaintiff timely filed his original complaint, on January 5, 2024, one day prior to the expiration of the statute of limitations, against certain named defendants and five "John Doe" defendants. *See generally* Compl. Thereafter, plaintiff filed no request for discovery to identify the John Doe defendants nor asked for equitable tolling of the limitations period in order to do so. *Cf. Goodwin v. District of Columbia*, 579 F. Supp. 3d 159, 166 (D.D.C. 2022) (summarizing in procedural history in Section 1983 lawsuit, that "[b]efore defendants filed any responsive pleading, plaintiffs sought, pursuant to Federal Rule of Civil Procedure 26(d)(1), 'an order requiring [the District] to provide expedited discovery sufficient to identify the John Doe officers who used forced against Plaintiffs' so that plaintiffs could 'preserve their ability to bring any claim for assault and battery against the identified officers by the June 1, 2021 statute of limitations' deadline"). On May 24, 2024, almost four months after the statute of limitations

---

*Klein v. City of Beverly Hills*, 865 F.3d 1276 (9th Cir. 2017), and *Page v. Comey*, 628 F. Supp. 3d 103 (D.D.C. 2022)), but both are inapposite. In *Klein*, the Ninth Circuit extended the discovery rule to Section 1983 cases involving search warrants obtained based on judicial deception. 865 F.3d at 1278-79. While "[i]n a traditional Fourth Amendment case, the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place," thus starting the statute of limitations, "judicial deception claims . . . accru[e] when the underlying affidavit" to obtain the search warrant "is reasonably available." *Id.* at 1278-79. Only then can a claimant "discover the underlying illegality" and "identify the critical facts" as to whether an "officer misled the judge about facts material to the existence of probable cause," giving rise to a constitutional injury. *Id.* at 1279. Relying on *Klein*, the court in *Page*, involving alleged violations of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*, held that "in the context of government searches and surveillance, the rationale for the typical application of the discovery rule—that a diligent plaintiff, *after discovering his injury*, can gather enough information to state a claim within the limitations period—does not necessarily apply." 628 F. Supp. 3d 103, 118-20 (emphasis added). The instant case arises in completely different context than a challenge to a government search or surveillance warrant, and like the plaintiff in *Klein* whose claim began accruing when he discovered he was allegedly injured, 865 F.3d at 1279, plaintiff's claim accrued when he discovered he was injured on January 6, 2021, after being shot with rubber bullets, *see* Amend. Compl. ¶¶ 11, 16.

lapsed, plaintiff filed his amended complaint substituting Sgt. Edwards for John Doe 1, eliminating both the District and MPD Chief Smith as defendants, and, again, naming four unidentified "John Doe" defendants. This amended complaint is timely as to Sgt. Edwards only if the claims relate back to his original complaint under Federal Rule of Civil Procedure 15(c).

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010). To fall within Rule 15(c)'s "relates back" haven, the party asserting the amended pleading must satisfy three conditions. First, "the amendment asserts a claim or defense that arose out of the conduct transaction or occurrence set out . . . in the original pleading." *Id.* at 547 (quoting Fed. R. Civ. P. 15(c)(1)(B)). Second, "the party to be brought in by amendment," "within the period provided by Rule 4(m) for serving the summons and complaint," "received such notice of the action that it will not be prejudiced in defending on the merits." *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(C)-(C)(i)). Third, within the same period provided by Rule 4(m), the to-be-added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).

The parties dispute whether plaintiff has satisfied Rule 15(c)'s third condition. Sgt. Edwards argues plaintiff was not mistaken concerning his identity but rather knowingly sued a John Doe defendant and then substituted Sgt. Edwards as a named party after the statute of limitations had run.[3] Whether an untimely amended complaint substituting a named defendant

---

[3] Sgt. Edwards also argues that the second prong of Rule 15(c)(1)(C) is not met because he was not timely served within the 90-day period provided by Rule 4(m), warranting a finding that the amended complaint should not relate back. *See* Def.'s Mem. at 6. Application of Rule 15(c) is resolved on different grounds and thus this argument need not be addressed, particularly given the generous flexibility in application of Rule 4(m)'s timing

for an original Doe defendant relates back to a timely filed original complaint is an issue that the D.C. Circuit has not directly addressed. A firm majority of other circuits to consider this issue have concluded, contrary to plaintiff's position here, that "[b]ecause knowingly suing a John Doe defendant is not a 'mistake' within the meaning of 15(c)," a party's "amended complaint cannot relate back to the date of [an] original complaint under Rule 15(c)(1)(C)." *Herrera v. Cleveland*, 8 F.4th 495, 495, 499 (7th Cir. 2021). As the Seventh Circuit cogently reasoned, "naming a defendant as John Doe in [a] complaint" is "an intentional and informed decision" and not a "mistake" because the decision is a "deliberate choice," *Herrera*, 8 F.4th at 498, and not based on "[a]n error, misconception, misunderstanding, or erroneous belief," *id.* at 497 (quoting *Krupski*, 560 U.S. at 548 (defining "mistake" and quoting BLACK LAW'S DICTIONARY 1092 (9th ed. 2009))), since "the plaintiff names a John Doe defendant knowing full well the factual and legal differences between the nominal defendant and the proper defendant," *id*. at 498. While a secondary definition of "mistake" includes a "wrong action" stemming from "inadequate knowledge," *id*. (quoting *Krupski*, 560 U.S. at 548-49 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1446 (2002)), "[n]aming a John Doe defendant as a nominal placeholder is not a wrong action proceeding from inadequate knowledge; it is a proper action on account of inadequate knowledge," *id*. at 499. In short, a party suing "John Doe defendants [is] fully aware that he lacked adequate information to ascertain the . . . identities" of the proper

---

prescription, *see Henderson v. United States*, 517 U.S. 654, 662 (1996), and Rule 15(c)'s focus on "notice," rather than actual service, during the time period laid out in Rule 4(m). *See, e.g.*, *Carter v. District of Columbia*, No. 22-cv-1681 (DLF), 2023 WL 4404953, at *4 (D.D.C. July 7, 2023) (finding no "mistake" warranting relation back even though "[t]he docket does not reflect any proof of formal service on the individual defendants at any point—of either the original or the amended complaint"); *Bame v. Dillard*, No. 05-cv-1833 (RMC), 2008 WL 11515525, at *2-3 (D.D.C. Mar. 28, 2005) (noting that the time period in Rule 4(m) had expired and resolving motion to dismiss on limitations grounds on the basis that plaintiff did not commit a mistake in identifying John Doe defendants); *Grigsby v. Johnson*, No. 95-cv-213 (TFH/DAR), 1996 WL 444052, at *5 (D.D.C. May 14, 1996) ("Even assuming that delivery of a copy of the amended complaint on [defendant] on May 1, 1995, alerted him to the pending action, [plaintiff] has failed to establish the notice required by Rule 15(c).").

defendants, which is a different situation than a plaintiff mistakenly suing a wrongly named party because they "[have] no idea [they] lacked knowledge of the proper defendant's identity." *Id.* Similar reasoning forms the basis of the same holding by other circuit courts. *See, e.g., Zakora v. Chrisman*, 44 F.4th 452, 481-82 (6th Cir. 2022) (holding that "replacing named parties for 'John Does' does not satisfy the 'mistaken identity' requirement" because the "Supreme Court has defined 'mistake' as used in Rule 15 by its plain meaning: '[a]n error, misconception, or misunderstanding; an erroneous belief'" and "[a]n absence of knowledge about whom to sue is not a misunderstanding and thus is not a mistake for the purposes of Rule 15" (quoting *Krupski*, 560 U.S. at 548)); *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) ("[A]n amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)." (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995))); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (same); *Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) (same); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579-80 (8th Cir. 2017) (same); *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 n.3 (11th Cir. 2011); *Bell v. City of Topeka,* 279 F. App'x 689, 692 (10th Cir. 2008) (same).

While the bright-line rule that Rule 15(c)'s "mistake" basis for relating back an amendment to an original complaint does not apply to Doe defendants reflected by the majority of circuit holdings may sound harsh, "equitable tolling . . . serve[s] as an adequate safety valve for those plaintiffs with good excuses." *Zakora*, 44. F.4th at 482 (quoting *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 435 (6th Cir. 2013)); *see also Herrera*, 8 F.4th at 499 ("[Plaintiff's] case does not necessarily end" with holding that his amended complaint substituting a named

defendant for John Doe does not relate back because "the doctrine of equitable tolling may apply").[4]

Though the D.C. Circuit has not squarely addressed the question, reasoning employed in analogous cases aligns with the majority rule. For example, the D.C. Circuit has opined that a "broad interpretation of 'a mistake of identity' does not serve the evident purpose of the rule," *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997), and further stated that "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of *a mere slip of the pen*, as it were," *id.* (emphasis added). In reaching this conclusion, the Circuit relied on an early case forming the basis of the majority rule. *See id.* at 918 ("[T]he rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as misnomer or misidentification." (quoting *Barrow*, 66 F.3d at 469)).

In line with the D.C. Circuit's reasoning, other Judges on this Court have followed the majority rule that "a plaintiff's lack of knowledge of the identity of the proper defendant is not 'a mistake entitled to relation back.'" *Henao v. Smiths Detection, Inc.*, No. 18-cv-2564 (TJK), 2019 WL 2476631, at *4 (D.D.C. June 13, 2019) (quoting *Grigsby v. Johnson*, No. 95-cv-213 (TFH/DAR), 1996 WL 444052, at *5 (D.D.C. May 14, 1996)); *see also Gipson v. Wells Fargo*

---

[4] The Third Circuit has held that "[a]n amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake—whether the mistake is based on lack of knowledge or mere misnomer." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 209 (3d Cir. 2006). As such, the focus is not on whether a mistake occurred in identifying the proper party but whether "the [added] party had adequate notice of the action." *Id.* This approach avoids the "bright-line" rule and appears to shift attention to what the newly added party knew about the claims and when, a complicated inquiry that may itself require discovery at the outset of a lawsuit. The Fourth Circuit has "yet to squarely address this question" but recognized the "decisions of several of [its] sister circuits in support of th[e] contention" "that naming a 'Doe' defendant does not constitute a 'mistake' under Rule 15(c)(1)(C)(ii)." *Williams v. Kincaid*, 45 F.4th 759, 775 (4th Cir. 2022).

*Corp.*, 382 F. Supp. 2d 116, 119 (D.D.C. 2005) ("The rule permits a plaintiff to correct the situation where the proper, but misnamed, defendant is before the court, not the situation where 'the plaintiff fails to originally name a defendant because he lacks knowledge of [his] identity.'" (alteration in original) (quoting *Grigsby*, 1996 WL 444052, at *5)); *Estate of Thomas v. Southworth, Inc.*, No. 99-cv-712 (CKK), 2001 WL 36383622, at *5 (D.D.C. Dec. 12, 2001) ("Furthermore, there was no mistake as to Defendant['s] . . . identity, but rather, an absence of knowledge—a circumstance which is not covered by Rule 15(c)."); *Grigsby*, 1996 WL 444052, at *5 ("Even where the plaintiff fails to originally name a defendant because he lacks knowledge of their identity, it is not for purposes of Rule 15(c)(3)(B) a mistake entitled to relation back." (citing *Barrow*, 66 F.3d at 470)).

Against this survey of caselaw, Sgt. Edwards contends that following the majority rule is the best course of action because "[p]laintiff did not mistake . . . someone else for . . . Defendant Edwards—he failed to conduct a pre-suit investigation into the identity of the police officer that allegedly caused his injury and did not seek early discovery on the issue." Def.'s Mem. at 7. Sgt. Edwards further "denies that he knew or should have known that this action would have been brought against [him] if plaintiff did not make a mistake concerning the proper defendant's identity." *Id.* at 6-7. Plaintiff counters only that Sgt. Edwards was "clearly 'John Doe 1,' [and] the rest of the Defendants . . ., including his employer, were in privity with him," Pl.'s Opp'n at 7, without citation to any relevant case law from any court. Instead, plaintiff, who is counseled in this case, simply copied-and-pasted four paragraphs from the Third Circuit's decision in *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174-75 (3d Cir. 1977), into his brief, Pl.'s Opp'n at 7-8, without even a whisper of argument as to the relevance of the copied-and-pasted passages to the record in this case. By contrast to the instant case, in *Varlack*, the Third Circuit upheld an

13

order that an amended complaint related back since the newly added defendant testified about his awareness of the underlying complaint at the time of filing based on a newspaper article and his knowledge that the plaintiff meant to name him as a defendant, meeting the requirement under that Circuit's precedent that the newly added defendant had adequate notice of the claim within the limitations period.  *Varlack*, 550 F.2d at 174-75.

Notably, plaintiff does not argue that the Third Circuit's approach to Rule 15(c) should be followed in lieu of the majority rule; that Sgt. Edwards had actual knowledge and notice of plaintiff's Section 1983 claims within the limitations period; or that equitable tolling should apply to save his claims.  *See generally* Pl.'s Opp'n.[5]  In any event, the reasoning of the majority rule is highly persuasive and will be followed here.  At the time plaintiff filed his original complaint, the "proper, but misnamed defendant" was not before the Court, *see Gipson* 382 F. Supp. 2d at 119, because plaintiff named John Doe intentionally and not as the result of "a mere slip of a pen," *Rendall-Speranza*, 107 F.3d at 918.  In other words, plaintiff's decision was not a "mistake," based on "an error, misconception, misunderstanding, or erroneous belief." *Krupski*, 560 U.S. at 548 (quoting BLACK'S LAW DICTIONARY 1092 (9th ed. 2009)).  Instead, this information was discoverable, but plaintiff failed either to conduct a proper pre-suit investigation into the identity of the officers who allegedly violated plaintiff's rights or request prompt discovery into the John Doe identities after filing suit, *see Goodwin*, 579 F. Supp. 3d at 166, and provided no factual basis, let alone argue, equitable tolling of the statute of limitations.  Consequently, the amended complaint does not relate back to the filing of the original complaint

---

[5]  Plaintiff's failure to address the opposing argument that the majority rule governs disposition of the pending motion, may be treated as concession, *see Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) ("It is well-understood that 'if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.'" (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014))), that the amended complaint naming Sgt. Edwards does not relate back to the timely filing of the original complaint naming "John Doe 1."

14

for purposes of the limitations period, and the Section 1983 claims against Sgt. Edwards are time-barred.

Even if the majority rule on the meaning of "a mistake concerning the proper party's identity," under Rule 15(c)(1)(C)(ii), were not followed here, plaintiff's Section 1983 claims against Sgt. Edwards would still not satisfy the notice requirements of this rule to relate back. Plaintiff has provided no indication that Sgt. Edwards was on notice of this litigation prior to being named as a defendant after the statute of limitations had run. Plaintiff's mere assertion that defendant "was clearly 'John Doe 1'" is entirely conclusory, particularly given that the complaint never identifies any of the John Doe defendants by rank, supervisory position on the date of the attack on the Capitol, or in any way other than being MPD officers at a police barricade. *See generally* Compl. Under Rule 15(c)'s relation-back provision, plaintiff "must show that defendant[] had 'notice that *litigation* ha[d] been instituted' against [him], not simply notice that an incident involving [him] occurred." *Carter v. District of Columbia*, No. 22-cv-1681 (DLF), 2023 WL 4404953, at * 4 (D.D.C. July 7, 2023) (emphasis added) (quoting *Hafferman v. Westinghouse Elec. Corp.*, 653 F. Supp. 423, 427 (D.D.C. 1986)); *see* FED. R. CIV. P. 15(c)((1)(C)(i) and (ii) (requiring that "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"). Put bluntly, merely being aware that an incident occurred is simply not enough to meet this notice requirement, and plaintiff has, at most, alleged only this against Sgt. Edwards based on his presence at the police barricade on January 6, 2021. *See Henao*, 2019 WL 2476631, at *3 ("Mere knowledge of the incident that led to the action is insufficient."). Plaintiff has not carried his burden of showing that defendant received "notice

that litigation ha[d] been instituted" within the time period prescribed by Rule 4(m). *Hafferman*, 653 F. Supp. 423 at 427; *see also Grigsby*, 1996 WL 444052, at *5 ("Rule 15(c) requires notice of the actual institution of the action not mere notice that an action might ensue.").

In a weak effort to meet this more demanding notice requirement under Rule 15(c), plaintiff points to "privity" between defendant and "other Defendants" and "his employer," but this is wholly insufficient. At the outset, plaintiff's argument is confusing because defendant's employer, MPD, was not named as a defendant in the original complaint, only the MPD Chief was named. *See* Compl. Construing plaintiff's "privity" argument generously to suggest that Sgt. Edwards had the requisite "notice of the action" derived somehow from "constructive notice" because the District and MPD Chief were named as defendants, the argument still fails because plaintiff must also "show that the new defendant 'should have known' about this action during the time of service" because of an "identity in interest" with either the District or MPD Chief. *Woods v. District of Columbia*, No. 20-cv-0782 (CKK), 2022 WL 17989326, at *4 (D.D.C. Dec. 29, 2022) (quoting *Bayatshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013)). An "identity in interest" "arises in the corporate context," but "*no* authority appl[ies] this theory outside of the corporate context." *Id.* (emphasis in original); *see also Newman v. Amazon.com, Inc.*, No. 21-cv-0531 (DLF), 2022 WL 971297, at *9 (D.D.C. Mar. 31, 2022) ("As simply an employee of Amazon at the time, he did not have an 'identity of interest' with the company.").

"In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight." *Rendall-Speranza*, 107 F.3d at 919. Here, plaintiff failed

to carry out this responsibility in a timely manner. Accordingly, Sgt. Edwards' motion to dismiss plaintiff's Section 1983 claims against him as untimely must be granted because plaintiff's amended complaint naming Sgt. Edwards as a defendant does not relate back to the filing of the original complaint.

Without Sgt. Edwards, no named defendant remains in the operative amended complaint, raising the question of how this case may proceed, particularly since substituting named defendants for John Does 2-5 may be unsuccessful for the same reasons that the Section 1983 claims against Sgt. Edwards are time-barred. In light of this, plaintiff is directed to file a status report within 20 days on how he plans to proceed in this action unless the case is voluntarily dismissed before then.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby—

**ORDERED** that defendant Frank Edwards's Motion to Dismiss, ECF No. 16, is **GRANTE**D; it is further

**ORDERED** that defendant Frank Edwards is terminated from this matter; and it is further

**ORDERED** that plaintiff submit, by January 22, 2025, a status report regarding how this case can proceed.

**SO ORDERED**.

Date: January 2, 2025

_____
**BERYL A. HOWELL**
United States District Judge